IN THE MATTER OF THE APPLICATION OF ELIZABETH SMITH.

1. **Conveyance:** WHEN CONDITIONAL: CONSTRUCTION. An instrument executed by a husband and wife, which by its terms is to operate as a conveyance of the lands therein described upon the performance by the parties of the second part of certain covenants therein contained, otherwise to be void, constitutes an executory contract, which does not operate as a present conveyance, and cannot be enforced by the parties of the second part after default.

2. ——: ——: CONDITIONS PRECEDENT. If such instrument be regarded as a deed, the covenants contained therein to be performed by the grantees would constitute conditions precedent, and the title to the lands would not pass until their performance.

3. **Practice:** PLEADING: CHARACTER OF DEFENSE. In a proceeding by a widow for the admeasurement of her dower, an intervenor set up a conveyance through which he claimed title to certain lands from her and her deceased husband, to which she replied by averring that the instrument through which the intervenor claimed never became operative as a conveyance because of his failure to perform certain covenants therein which constituted a condition precedent: *Held*, that the issues raised by her reply were of a purely legal character.

*Appeal from Linn Circuit Court.*

SATURDAY, JUNE 11.

ELIZABETH D. SMITH, widow of Jackson Smith, filed in the Circuit Court of Linn county, sitting as a court of probate, a petition asking that her interest in the lands of her deceased husband be set apart by admeasurement. The heirs of the husband were made defendants to the petition. F. M. Hill, the husband of a daughter of plaintiff and Jackson Smith, deceased, filed a petition of intervention, alleging that he is the owner of the undivided three-fifths of the lands, which he claims under an alleged deed of conveyance executed by Jackson Smith in his lifetime, in which the plaintiff joined, whereby the intervenor acquired all her title and interest in the lands. He asks to be allowed to intervene in the case, and that the application for admeasurement be dis

missed. A copy of the conveyance under which he claims is made an exhibit to his petition.

The plaintiff answered the petition of the intervenor admitting the execution of the instrument under which he claims, but denying that it has the effect to convey the lands, and alleged that, by its terms, it is to become operative only upon a performance of the conditions and covenants therein expressed which the intervenor and the other parties thereto bound themselves to perform, and that they have wholly failed to perform their covenants. To this answer the intervenor demurred, on the grounds: 1, the Probate Court has no jurisdiction of the matters alleged in the answer, which are cognizable only in a court of equity; 2, the answer sets up no defense to the intervenor's petition; 3, the answer fails to show that the rights of the intervenor have been declared forfeited by a judicial adjudication. The demurrer was overruled, and, the intervenor standing thereon, judgment was entered granting the relief sought in the petition of plaintiff. The intervenor appealed.

*J. B. Young*, for appellant.

*C. J. Deacon*, for appellee.

BECK, J.—I. The first question presented for our consideration involves the construction and effect to be given the instrument which, the intervenor claims, operates as a conveyance of the lands.

The writing in question and our views as to its construction will be better understood by our presenting its material parts. They are as follows:

" This indenture, made and executed this 4th day of October, A. D. 1878, by and between Jackson Smith and Elizabeth C. Smith, of the county of Linn, and State of Iowa, parties of the first part, and Charles C. Smith, William L. Smith, Enoch B. Smith, Franklin Smith and F. M. Hite, parties of the second part, also of Linn county, State of Iowa, witnesseth

that the said parties of the first part, in consideration of the payment of the several sums and amounts hereinafter named, and of the performance of the stipulations and agreements hereinafter specified, have bargained and sold, and by these presents do grant, bargain, sell and forever quit claim unto the said parties of the second part, their heirs, executors, and assigns, all our interest, claim or demand in and to the following described real estate, situated in the county of Linn, and State of Iowa, subject, however, to the conditions hereinafter named, and this conveyance to become operative and of force only upon the performance of said conditions. [Here follows a description of the lands.]

"The said parties of the second part, in consideration of the covenants and agreements herein above set forth, and in further consideration of the assignments made to them this day by the said party of the first part, Jackson Smith, of all his personal property of whatsoever nature or kind, do hereby assume and agree to pay all debts and liabilities of the said party of the first part, Jackson Smith. Said debts and liabilities, as nearly as can be ascertained, being as follows, to-wit. [Here follows a statement of the debts.]

" The said parties of the second part hereby covenant and agree with the said parties of the first part to devote all their time and energy towards the payment of all the debts and liabilities aforesaid, and that they will pay all taxes and assessments due or to become due on said land, and further agree that all the proceeds of the said lands herein conveyed shall, as fast as released from year to year, be applied toward the payment of said debts, saving and reserving to the said second parties what may be necessary for their personal support and that of their families, and upon the payment and discharge by the said second parties of all the debts and liabilities above mentioned and all costs and expenses accrued or to accrue thereon, including all attorney fees, then the title to all the lands herein described shall rest fully and completely in the said second parties, without the execution of further

conveyance or conveyances; to have and to hold the same to the said second parties, with all the appurtenances thereunto belonging, and unto their heirs, executors and assigns, and the said party of the first part, Elizabeth C. Smith, wife of Jackson Smith, for the foregoing consideration and subject to the conditions and agreements herein before specified, relinquishes all her right of dower in and to the above described premises. It is further agreed that should any of the said second parties fail or refuse to perform his agreements herein contained, then said second party so failing or refusing shall forfeit all rights to or interest in said land herein described, and all claim thereon for labor performed or services rendered under this agreement, and the title to all said lands shall vest in the said parties of the second part who shall continue in the performance of their agreements herein contained, who shall finally pay off, and should all said second parties fail or refuse to perform their covenants and agreements herein set forth, then this conveyance to be wholly inoperative and of no force and void, and the title to all said lands shall be and remain in the said parties of the first part as absolutely as though this instrument had never been made, without any claim to said second parties for labor performed or services rendered under this agreement."

II. Counsel for the intervenor insists that the instrument is an absolute conveyance of the lands, and that the conditions

**1. CONVEY-
ANCE: when
conditional:
construction.** found therein are in the nature of covenants, whereby the intervenor is bound to make payment of the debts specified, or, if they cannot be construed to be covenants, they are conditions subsequent. In either case it is claimed that the title passed by the instrument, which ought to be regarded as a conveyance.

Counsel for plaintiff denies this position and maintains that the instrument is not an absolute conveyance, and the conditions are precedent, and must be performed before the title will vest in the intervenor. This statement presents the question arising upon this branch of the case.

VOL. LVI—18.

The instrument must be construed to accord with the intentions of the parties, as disclosed by the writing itself, and by the application of the rules of the law requiring resort, if it be necessary, to other means of construction.

The language first used in the writing is that of an absolute conveyance, which, however is followed by these words, "subject, however, to the conditions hereinafter named, and this conveyance to become operative and of force only upon the performance of said condition." Here is a positive declaration that the instrument shall not become operative as a conveyance until the conditions are performed.

In the next paragraph of the writing, as above set out, it is declared that "the said parties of the second part [intervenor and others], in consideration of the covenants and agreements herein above set forth, and in further consideration of the assignment made to them" of certain personal property, "do hereby assume and promise to pay all debts," etc., etc. · The parties here describe the writing not as a conveyance of lands, but as containing "covenants and agreements." These are not words that can be applied to that part of the deed which operates to convey lands. If the parties had understood the instrument to have the effect to vest a present title, they surely would have here declared that it was the consideration upon which covenants for payment of the debts were based. It is further provided in the writing that upon the payment of the debts contemplated by the parties "then the title to all the lands herein described shall rest [vest] fully and completely in the said second parties without the execution of further conveyance or conveyances." The intention of the parties, as here expressed, is that the title shall not pass until the conditions are performed.

And, finally, it is declared that "should all of the second parties fail or refuse to perform their covenants and agreements herein set forth, then this conveyance is to be wholly inoperative and of no force, and void, and the title to all of said lands shall be and remain in the said parties of the first

part, as absolutely as though this instrument had never been made." Here is a declaration, in language which cannot be made plainer, that if the intervenor and his co-obligors fail to pay the debts they undertook to discharge the title shall remain in Smith, the other party to the instrument.

We think the language of the writing clearly and unmistakably discloses the intention of the parties to be, in effect, that the title remains in Smith, and shall pass to the intervenor only upon the performance of the obligation assumed by him and his associates. The writing, therefore, witnesses an executory contract upon the part of plaintiff and her deceased husband, which cannot be enforced by the other parties thereto after they have made default as to their covenants. See Bingham on the Sale of Real Property, p. 11, *et seq*.

III. But, if the writing be regarded as a deed of lands, it is plainly a conveyance of an estate on conditions. The express language of the instrument demands that the condition be regarded as precedent. It must, therefore, be performed before the estate will vest. The demurrer of the intervenor to plaintiffs' reply admits its allegations to the effect that the conditions have not been performed. No estate, therefore, has vested in the intervenor, under the instrument in question, if it be conceded that it ought to be regarded as a deed. These conclusions are based upon familiar elementary principles of the law, and do not demand for their support the citation of authorities.

*2. ——: ——: condition precedent.*

IV. The foregoing discussion disposes of the second and third grounds of the demurrer. We will proceed to the consideration of the first, which is substantially that the proceeding for the admeasurement of plaintiff's dower is at law, and matters alleged in her reply are only cognizable in equity.

*3. PRACTICE: pleading: character of defense.*

Consideration of the case will readily satisfy the mind that the objection thus raised is not well taken. The plaintiff claims that her interest in her deceased husband's estate be admeasured; the intervenor insists that she has no interest

in the lands, for the reason that she united with her husband in a conveyance thereof, under which the intervenor claims; plaintiff replies that the instrument whereon the intervenor bases his claim does not vest him with the title of the lands, for the reason that it is not a conveyance of a present interest therein. Now, surely, if the proceeding is to be regarded as an action at law, plaintiff may set up as a defense to the intervenor's claim that the instrument whereon it is based does not operate to convey title, that it is an executory contract, or, if a deed, it conveys an estate upon conditions precedent, and that as the covenants of the intervenor, which constitute the conditions in the contract or conveyance, are precedent, and have not been performed, no estate or interest in the lands has vested in the intervenor; in other words, that he has no title in the lands. Surely this is not "a matter that is cognizable only in a court of equity." It is a simple legal defense, pleaded against a claim of title to the lands which the intervenor sets up in his petition.

We conclude that the Circuit Court rightly overruled the demurrer to plaintiff's reply. The judgment is, therefore,

AFFIRMED.